IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS G., | ) |
|     Plaintiff, | ) No. 19 C 7205 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Otis G. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

**Background**

On January 30, 2014, plaintiff applied for benefits, alleging a disability onset date of July 1, 2012. (R. 56, 73.) His application was denied initially, on reconsideration, and after a hearing. (R. 56-69, 70-83.) The Appeals Council declined review (R. 1-3), and plaintiff appealed to this Court, which reversed and remanded for further proceedings. (R. 495-501.)

On September 28, 2017, plaintiff filed another claim for benefits and was found to be disabled as of November 5, 2016. (R. 504.) On August 18, 2018, the Appeals Council remanded the 2014 claim to the ALJ and affirmed the finding of disability as of November 5, 2016. (R. 504-05.) On remand, and after another hearing, the ALJ denied plaintiff's claim that he was disabled between July 1, 2012, and November 5, 2016. (R. 394-404.) Plaintiff did not appeal to the Appeals Council, and the Appeals Council did not otherwise assume jurisdiction, leaving the ALJ's

decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from July 1, 2012 through November 4, 2016. (R. 397.) At step two, the ALJ found that, during

2

that period, plaintiff had the severe impairments of degenerative joint disease of the left shoulder and degenerative disc disease of the lumbar spine. (*Id.*) At step three, the ALJ found that, through November 4, 2016, plaintiff's impairments did not meet or medically equal a listed impairment. (R. 398.) At step four, the ALJ found that, through November 4, 2016, plaintiff had the RFC to perform his past relevant work as "a Material Handler, a Laborer (Stores), a Construction Worker II, a Machine Feeder, and the composite job as an Industrial Truck Operator and a Machine Packer as actually performed by the claimant," and thus was not disabled during the relevant period. (R. 399-404.)

Plaintiff argues that the ALJ wrongly concluded that his symptoms were not a severe as he claimed. The ALJ based her credibility finding, in part, on plaintiff's receipt of unemployment benefits during the relevant period. The ALJ was allowed to give "some consideration" to that fact in assessing plaintiff's credibility, as long as she did so in the context of "[a]ll of the surrounding facts." *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014). That is not the case here. Rather, the ALJ mentioned plaintiff's receipt of unemployment benefits for the first and only time in her step 1 finding of no gainful employment. (*See* R. 397.) However, this error was harmless, because as discussed below, the ALJ provided other grounds for her credibility finding that are supported by the record.

The ALJ found that a number of factors undercut plaintiff's symptom allegations: (1) his history of conservative treatment; (2) his positive response to treatment; (3) the absence of objective medical findings; and (4) his daily activities. (*See* R. 400-03.) Plaintiff does not dispute the evidence cited by the ALJ for the first proposition, that he received conservative treatment, or cite any other evidence that contradicts it.[1] Plaintiff says the second proposition, that he responded

---

[1] Plaintiff says the ALJ was not qualified to make the following statement: "[The] absence of aggressive treatment suggests that the claimant's physicians did not consider [his] physical conditions to be severe . . . to the degree that

positively to treatment, is contradicted by the record, but the objective evidence he cites does not support his argument. (*See* ECF 16 at 10 (citing R. 238 (11/19/13 PT discharge summary stating that plaintiff "ha[d] met set goals, thus completing physical therapy"); R. 644-56 (PT notes from his first visit for low back pain on 10/17/14 to his last visit on 12/28/14, when the therapist noted that plaintiff's strength and range of motion were improved, his pain score was greatly diminished, and he was discharged from therapy at his doctor's request); R. 304 (a page of Dr. Vaidya's 3/16/15 report that shows that plaintiff has diminished range of motion in his left shoulder but also says plaintiff is "mildly" limited in his ability to perform work activities and the report was "conservative estimate of [plaintiff's] functional ability").) As to the third proposition, plaintiff contends that *Villano* prohibits the ALJ from relying on the lack of objective medical findings in determining his credibility. In fact, the *Villano* court said, "a lack of medical evidence *alone* is an insufficient reason to discredit [a claimant's] testimony." 556 F.3d at 562 (emphasis added). Because the ALJ did not rely solely on the lack of objective in making the credibility determination, she did not run afoul of *Villano*. Finally, plaintiff argues that the ALJ erred in concluding that his daily activities are inconsistent with his subjective symptom allegations—a request for the Court to reweigh evidence, which the Court declines. *See Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) ("We will not . . . reweigh the evidence or substitute our judgment for that of the ALJ[]."). Because the ALJ's credibility determination is not "patently wrong," it is not a basis for remand. *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) (quoting *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008)).

Plaintiff also contends that the RFC determination is flawed because there is no evidentiary basis for the ALJ's changed limitation to frequent overhead reaching on the left side from the

---

the claimant has generally alleged." (R. 402.) The Court agrees. But that erroneous statement does not undermine the ALJ's conclusion that the record shows plaintiff received conservative treatment for his impairments.

4

previous limitation of occasional. (*See* R. 398.) The Court agrees. In her November 4, 2016 decision in this case, the ALJ found that plaintiff had the RFC to perform medium work except that he was limited to occasional overhead reaching on the left side. (R. 76.) Three years later, the ALJ found that the same medical records supported an RFC for frequent overhead reaching on the left side. (R. 398.) The ALJ does not address this discrepancy in the two RFCs or identify evidence of medical improvement that supports the RFC change from occasional to frequent overhead reaching. Absent some explanation for the difference, the ALJ's RFC determination is not supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [23], and remands this case to the Acting Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED.**                     **ENTERED:  January 20, 2022**

**M. David Weisman**
**United States Magistrate Judge**